NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ABAYOMI OLUSOGA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 05-154-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SUZANNE HASTINGS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*    \*\*\*

The Petitioner brings a fee-paid petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He seeks to challenge the accuracy of his pre-sentence investigation report. Further, Olusoga asserts that the Bureau of Prisons ("BOP") has violated his equal protection and due process rights by acting arbitrarily, capriciously and unreasonably in exercising its discretion to deny him admission into the Residential Drug Abuse Program ("RDAP"). Under 18 U.S.C. §3621(e)(2)(B), the BOP may reduce an inmate's sentence by as much as one year if the inmate successfully completes a substance abuse treatment program and has not been convicted of a violent offense.

The Petitioner claims the BOP has acted in an unconstitutional manner by denying him eligibility to participate in the RDAP based upon: (1) an arbitrary eligibility requirement, necessitating that his substance abuse must have been documented as having transpired within the 12-month period immediately preceding his arrest date; and (2) an allegedly inaccurate pre-sentence investigation report that purportedly fails to document his substance abuse as having transpired within the relevant 12-month period. The Petitioner claims that the requirements imposed by the BOP do not exist in the applicable statue (18 U.S.C. §3621) and/or BOP Program Statement (P.S.

5330.10). Thus, he claims that their application to him are arbitrary. However, this claim is without merit. *Laws v. Barron*, 348 F.Supp.2d 795 (E.D. Ky. 2004).

In addition, the Petitioner's challenge to the content of his presentence investigation report is untimely. Fed.R.Crim.P. 32 (f)(1). Thus, the Petitioner has forfeited any such claims unless he can establish plain error that affects his substantial rights. *U.S. v. Carriss*, 2003 WL 22435675 (6th Cir. (Ky.)) (citing *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996)). As his pleadings do not rise to that level, this is not the proper forum in which to revisit the presentence investigation report's accuracy.

## PENDING MOTIONS

The Petitioner has before the Court pending motions to proceed *in forma pauperis* [Record No. 2]; appoint counsel [Record No. 3]; and to expedite request his request for relief on an emergency basis [Record No. 4]. Because his claims are baseless and subject to dismissal, these motions will be denied as moot.

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, and **STRICKEN** from the Court's docket. A corresponding judgment shall be entered this date in favor of the Respondent.

(2) The Petitioner's remaining motions [Record Nos. 2, 3, and 4] are **DENIED** as moot.

This 22nd day of June, 2005.



**Signed By:**
*Danny C. Reeves* DCR
**United States District Judge**